UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PATRICK MICHAEL MCALLISTER

    Plaintiff,

v.

CALEB GOLDSBY; JUSTIN PECKELS; and J. HURLEY,

    Defendants.

Case No. 6:25-cv-00406-MTK

**OPINION AND ORDER**

**KASUBHAI,** United States District Judge:

    Self-represented Plaintiff Patrick Michael McAllister ("Plaintiff") brings this action against Defendants Eugene Peace Officers Caleb Goldsby, Justin Peckels, and J. Hurley. Compl. ECF No. 1. Before the Court is Plaintiff's Motion for Appointment of Pro Bono Counsel. ECF No 3. For reasons below, Plaintiff's Motion for Appointment of Counsel Pro Bono is DENIED with leave to renew.

                                             **STANDARD**

    Generally, there is no constitutional right to counsel in a civil case and a court may not "authorize the appointment of counsel to involuntary service." *See United States v. 30.64 Acres of Land*, 795 F.2d 796, 801 (9th Cir. 1986). A district court, however, may request an attorney to represent any person unable to afford counsel in limited circumstances. 28 U.S.C. § 1915(e)(1). The decision to appoint counsel is "within the sound discretion of the trial court and is granted

only in exceptional circumstances." *Agyeman v. Corrections Corp. of Am.*, 390 F.3d 1101, 1103 (9th Cir. 2004) (quotation marks and citation omitted). A finding of exceptional circumstances depends on two factors: the plaintiff's likelihood of success on the merits, and the plaintiff's ability to articulate his or her claims in light of the complexity of the legal issues involved. *Id.* Neither factor is dispositive and both must be viewed together before ruling on a request for counsel. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citation omitted).

## DISCUSSION

In Plaintiff's Motion, they explain that they are indigent and that all attempts to acquire counsel have failed. The Court finds exceptional circumstances do not exist sufficient to justify appointment of counsel at this time. *See Agyeman*, 390 F.3d at 1103. First, given the early stage of this lawsuit, the Court is unable to ascertain Plaintiff's likelihood of success on the merits. Second, after reviewing Plaintiff's Complaint, it appears Plaintiff has the ability to articulate the claims with sufficient precision in light of the legal issues involved. Plaintiff may refile a motion for appointment of *pro bono* counsel should the current circumstances change.

The Court emphasizes that it is sensitive to the challenges the self-represented plaintiffs face in bringing their own case in federal court, and notes that the Court has an "obligation . . . where the [plaintiff] is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and afford the [plaintiff] the benefit of any doubt." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citation and quotation marks omitted). The Court will ensure that Plaintiff's claims have a fair chance. But the Court is unwilling, on the basis of the current complaint, to assign a lawyer to this case for what is essentially "involuntary service" without compensation. *30.64 Acres of Land*, 795 F.2d at 801. Plaintiff is advised to review the District of Oregon's website, which contains a webpage titled "Information about Representing Yourself in Court," that is available

to the public at https://ord.uscourts.gov/index.php/representing-yourself/information-about-representing-yourself.

## CONCLUSION

Plaintiff's motion for an appointment of *pro bono* counsel (ECF No. 3) is DENIED without prejudice.

IT IS SO ORDERED.

DATED this 10th day of April 2025.

s/ Mustafa T. Kasubhai  
MUSTAFA T. KASUBHAI (He / Him)  
United States District Judge

Page 3 – OPINION AND ORDER